IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

PAUL MOORE,

        Plaintiff,

V.                                  CIVIL ACTION NO. 3:04-0357

JOANNE BARNHART,
Commissioner of Social Security,

        Defendant.

## FINDINGS AND RECOMMENDATION

In this action, filed under the provisions of 42 U.S.C. §1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying his application for supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed his application on May 29, 2002, alleging disability as a consequence of chest pain, heart attack, diverticulitis, anxiety, nerve damage in his back and elbows, carpal tunnel syndrome, ulcers, asthma, acid reflux and high blood pressure. On appeal from an initial and reconsidered denial, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was fifty-two years of age and had obtained a ninth grade education. His past relevant employment experience consisted of work as a self-employed musician. In his decision, the administrative law judge determined that plaintiff suffers from "obesity; chronic neck pain; acute cervical/thoracic strain; chronic lumbar strain; osteoarthritis; left hand carpal tunnel syndrome; chronic obstructive pulmonary disease; asthma; coronary artery disease; hypertension; borderline intellectual functioning; and anxiety," impairments which are severe. Though concluding that plaintiff was unable to perform his past work,[1] the administrative law judge found that he had the residual functional capacity for a limited range of light level work. On the basis of this finding, and relying on Rule 202.10 of the medical-vocational guidelines[2] and the testimony of a vocational expert he found plaintiff not disabled.

Review of the record reveals deficiencies which will require remand for further proceedings. As is apparent from the administrative law judge's decision, plaintiff suffers from a number of impairments, the cumulative effect of which is the central issue in this case. Those impairments include episodes of chest pain, with stress test results showing a "moderate to severe fixed inferior defect with partial reversibility" as well as catheterization results revealing some blockage which doctors felt could be managed medically. Plaintiff was also treated for asthma and chronic obstructive pulmonary disease with evidence of "emphysematous" lungs noted on some occasions and pulmonary function test results from August 22, 2002, considered consistent with moderate chronic obstructive pulmonary disease and "very mild" restrictive pulmonary disease

---

[1] This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[2] 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2.

improved with bronchodilation. Plaintiff has a history of neck and back pain with tenderness, spasm and restricted range of motion observed during consultative evaluation as well as crepitus in the shoulders and knees, pain in the left elbow and carpal tunnel syndrome in the left hand/arm. A history of hypertension is also documented, but this has been kept under fairly good control with medication.

      Plaintiff suffers from panic attacks and anxiety and has been treated by a psychiatrist as well as prescribed medication for these problems. He receives treatment at Ebenezer Medical Outreach Center but reports relating to his psychiatric evaluations and treatment have not been submitted. During a consultative psychological evaluation on July 17, 2002, plaintiff interacted well but displayed markedly deficient recent memory, moderately deficient concentration and was found to have borderline intellectual functioning with a full-scale I.Q. of eighty-two. He reported that the frequency and duration of his panic attacks varied but indicated he had experienced two panic attacks that week. He also reported, when at Ebenezer several months earlier, that he had experienced four panic attacks the week of that visit. Though their frequency is not well documented, plaintiff reported that experiencing them had changed his life. He testified, and the medical reports confirm, that physicians felt some of his episodes of chest pain were actually due to anxiety/panic symptoms. While he has experienced some improvement in these symptoms with medication, he testified at the hearing that he was still having a significant number of panic attacks, did not like to leave home and could not deal with people very well anymore, which was one of the reasons he left his past work.

      The only opinions on work-related mental limitations were submitted by state agency psychologists who reviewed the record for the Commissioner and opined that plaintiff would be

moderately limited in his abilities to understand, remember and carry out detailed instructions and to maintain attention and concentration for extended periods.  The psychologist who completed the first assessment on July 25, 2002, also found moderate limitation on ability to sustain an ordinary routine without special supervision.  The second evaluator, whose opinion is dated December 10, 2002, assessed moderate limitation in the areas of performing activities within a schedule, maintaining regular attendance and being punctual within customary tolerances; working in coordination with others without being distracted by them; completing a normal workday and workweek without interruption from psychological symptoms and performing at a consistent pace; getting along with co-workers without distracting them or exhibiting behavioral extremes; responding appropriately to changes in the work setting; and, traveling in unfamiliar places or using public transportation.

In evaluating plaintiff's mental residual functional capacity, the administrative law judge, though noting all of the specific limitations found by the state agency psychologists, adopted only a brief finding that plaintiff retained the ability to "understand, retain and carry out simple [sic], perform repetitive work tasks."  He also added that plaintiff could function in "a low social interaction demand-type work setting of a low pressured work routine with ordinary supervision."  These awkwardly worded findings appear to be a combination of statements made by both state agency psychologists in the "Functional Capacity Assessment" portion of the "Mental Residual Functional Capacity Assessment" ("MRFCA") form each completed.  The moderate limitations noted above, which the administrative law judge acknowledged, are found in the "Summary Conclusions" section of this form.  The instructions direct the reviewer to complete the "Summary Conclusions" section first and specify that it is for "recording summary conclusions derived from

the evidence in [the] file." The reviewer is to evaluate each mental activity "within the context of the individual's capacity to sustain that activity over a normal workday and workweek, on an ongoing basis." The reviewer is further told that "[d]etailed explanation" of the degree of limitation found in each category, "as well as any other assessment information you deem appropriate," is to be recorded in the "Functional Capacity Assessment" portion of the form, the instructions for which reiterate that this part of the form it is to contain "elaborations on the preceding capacities," explanation of the summary conclusions in narrative form, including any information which "clarifies limitation or functioning," and explanations for conclusions that differ from those of treating medical sources or the claimant.

These instructions do not indicate that this section is to be considered to the exclusion of the "Summary Conclusions," as the administrative law judge has apparently done here, or that it is to take precedence over the specific listing of limitations in that section. It is not clear, therefore, why the administrative law judge felt it was sufficient to simply combine the two "Functional Capacity Assessments" and leave out the "Summary Conclusions" completely when making his residual functional capacity findings relative to plaintiff's mental impairments.

In the July 25, 2002 functional capacity assessment, Dr. Goots clearly acknowledges that plaintiff's mental impairment "results in the functional limitations noted in Part I above [the Summary Conclusions]." He also comments that plaintiff had the capacity to understand and follow routine instructions with ordinary supervision. While this statement may incorporate the moderate limitations he assessed in the summary conclusions, that from the December 10, 2002 assessment does not. This more recent assessment, which also includes consideration of additional evidence, reflects the evaluator's finding of moderate limitation in nine areas, yet this evaluator boils it down

to an ability to understand, remember and carry out one to three step instructions as well as to manage a "low social interaction demand work setting of a low pressure nature." It is difficult to see how these two sentences reflect, for instance, a moderate limitation in the area of performing activities within a schedule, maintaining regular attendance and being punctual within customary tolerances or a moderately limited ability to travel in unfamiliar places or use public transportation. Similarly, a moderately limited ability to complete a normal workday and workweek without interruption from psychological symptoms and to perform at a consistent pace does not appear to be reflected in these two brief sentences. Under such circumstances, the Court finds that the second state agency psychologist's "Functional Capacity Assessment" is in conflict with the extensive moderate limitations he assessed and that the administrative law judge's adoption of it, without resolving these conflicts,[3] precludes rational review and renders his residual functional capacity findings deficient. As a consequence, the hypothetical questions presented to the vocational expert containing the insufficient assessment of mental residual functional capacity are also deficient and this witness's testimony cannot support the finding that there is alternative work which plaintiff could perform.[4]

Under these circumstances, the Court concludes that remand is necessary for a reevaluation of plaintiff's residual functional capacity and for the taking of additional vocational testimony. The parties should also be permitted to submit additional evidence on remand.

---

[3] While resolution of conflicts in the evidence is within the province of the Commissioner, not the courts, Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964), the administrative law judge must, of course, resolve these conflicts.

[4] See, Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir. 1989).

## RECOMMENDATION

In light of the foregoing, it is **RESPECTFULLY RECOMMENDED** that this case be remanded to the Commissioner for further proceedings consistent with these Findings and Recommendation.

Plaintiff and defendant are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 72(b), Fed.R.Civ.P., the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to all counsel of record.

DATED: May 16, 2005

MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE