IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

PAUL MOORE,

            Plaintiff,

v.                                          CIVIL ACTION NO. 3:04-0357

JOANNE BARNHART,
Commissioner of Social Security,

            Defendant.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Maurice G. Taylor, Jr., United States Magistrate Judge, who has submitted his proposed findings of fact and recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge's Findings and Recommendation were filed on May 16, 2005. On May 27, 2005, Defendant timely filed her objections to the Findings and Recommendation.

The Court has reviewed *de novo* those portions of Magistrate Judge Taylor's Findings and Recommendation to which Defendant objects. For the reasons set forth below, the Court **ADOPTS** the Findings and Recommendation of the Magistrate Judge, **DENIES** Defendant's objections, and **REMANDS** this case for reevaluation of Plaintiff's residual functional capacity and for taking additional vocational testimony and evidence.

The sole issue raised in Defendant's objection is whether the Magistrate Judge improperly analyzed a Mental Residual Functional Capacity Assessment ("MRFCA") form

completed by Joseph Kuzniar, Ed.D., a state psychologist. In the Findings and Recommendation, the Magistrate Judge found that the only opinions given regarding Plaintiff's work-related mental limitations were submitted by state agency psychologists. The first was completed on July 25, 2002, by Samuel Goots, Ph.D., who noted that Plaintiff was moderately limited in the following areas: his ability to understand, remember, and carry out detailed instructions; his "ability to maintain attention and concentration for extended periods[;]" and his "ability to sustain an ordinary routine without special supervision." *MRFCA* by Dr. Goots (Exhibit 9F, at R. 216). The second report was completed on December 10, 2002, by Dr. Kuzniar. In addition to mentioning all the moderate limitations noted by Dr. Goots except for the last one, Dr. Kuzniar found Plaintiff also had moderate limitations in the following areas: his "ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances[;]" his "ability to work in coordination with or proximately to others without being distracted by them[;]" his "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods[;]" his "ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes[;]" his "ability to respond appropriately to changes in the work setting[;]" and his "ability to travel in unfamiliar places or use public transportation." *MRFCA* by Dr. Kuzniar (Exhibit 17F, at R. 324-25).

In making his decision, the Administrative Law Judge ("ALJ") mentioned each of these limitations. However, as noted by the Magistrate Judge, the ALJ then found "the claimant retains the ability to understand, retain and carry out simple [sic] and perform repetitive work tasks

and function in a low social interaction demand-type work setting of a low pressured work routine with ordinary supervision." *Social Security Administration Decision*, at 8-9 (12/8/03) (R. 19-20). The Magistrate Judge concluded that these awkwardly worded findings appear to be derived from a combination of the hand-written statements made by the state agency psychologists in the "Functional Capacity Assessment" sections of the MRFCAs. In addition, the Magistrate Judge found these findings appear to be to the exclusion of the limitations mentioned above, which are under the "Summary Conclusions" section of the MRFCAs.

Given the conflict between the perfunctory conclusion by the ALJ and the nine areas of moderate limitations noted by Dr. Kuzniar, the Magistrate Judge recommends that the case be remanded for a reevaluation of Plaintiff's residual functional capacity and for taking additional vocational testimony and evidence. Defendant objects to this recommendation because she states that the "Summary Conclusions" section of the MRFCA is extremely broad and the Court should defer to the Dr. Kuzniar's assessment in the "Residual Functional Capacity" section of the Report. Although the "Summary Conclusions" section may be broad, the Court cannot ignore the obvious inconsistencies between the two sections of the MRFCA. Indeed, the Court agrees with the Magistrate Judge that this conflict precludes a rational review and renders the "Residual Functional Capacity" section of Dr. Kuzniar's report as deficient. Therefore, the Court finds that remand is required so that the record can be further developed.

Accordingly, for the foregoing reasons, the Court **DENIES** Defendants's objections, and **ACCEPTS** and **INCORPORATES** the Findings and Recommendation of the Magistrate Judge, which **REMANDS** this case to the Commissioner for further proceedings.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Taylor, counsel of record, and any unrepresented parties.

ENTER: August 11, 2005

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE